# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIEL RILEY | : | CIVIL ACTION |
| --- | --- | --- |
| *Petitioner* | : | |
| | : | NO. 19-348 |
| v. | : | |
| | : | |
| GEORGE MILLER, *et al.* | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this 16th day of March 2020, upon consideration of the *Report and Recommendation* ("R&R") submitted on October 31, 2019, by the Honorable Elizabeth T. Hey, United States Magistrate Judge (the "Magistrate Judge"), [ECF 15], to which no objections were filed by Petitioner Daniel Riley ("Petitioner"), and after a careful review of the record, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;[1]
2. The Petition for Writ of *Habeas Corpus* is **DENIED**, with prejudice;
3. There is no probable cause to issue a certificate of appealability; and
4. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Petitioner filed the instant *habeas corpus* petition in 2019. On October 31, 2019, the R&R was submitted. Despite having been twice granted extensions—totaling over three months—to file any objection and/or response to the "R&R," Petitioner failed to do so. Consequently, the R&R was reviewed under the "plain error" standard, as required. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007) ("plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R in habeas corpus cases."). Under the plain error standard, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affected substantial rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations omitted). Here, after carefully reviewing the R&R and the available portions of the record, this Court finds the Magistrate Judge did not commit any error. As the Magistrate Judge correctly observed, Petitioner's appeal of the denial of his state postconviction relief petition ("PCRA") was found to be untimely by the state appeals court. As such, Petitioner was not entitled to statutory tolling of the one-year filing limit for § 2254 *habeas* petitions, as set forth in 28 U.S.C. § 2244, during the pendency of his PCRA appeal. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (PCRA filings rejected as untimely by state courts are not "properly filed" and, therefore, not entitled to statutory tolling). Further, Petitioner presented no reason for considering any equitable tolling. Thus, the one-year filing limit set forth in 28 U.S.C. § 2244 expired at the latest in 2017, and Petitioner's 2019 *habeas* petition is untimely.